UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY PRENTICE,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>CHAPLAIN STOGNER et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:16-cv-00060-MMD-WGC<br><br>ORDER |

On October 20, 2016, Plaintiff filed motions for temporary restraining order and preliminary injunction. (ECF No. 13, 14.) The motions, which are identical, state that on February 17, 2016, correctional officers searched Plaintiff's cell and destroyed his property. (ECF No. 13 at 2.) Plaintiff and his cell mate were unit porters. (*Id.*) On October 14, 2016, correctional officer McMullins told Plaintiff that he was going to fire Plaintiff and his cell mate the first chance he got. (*Id.*) The next day, Plaintiff and his cell mate were suspended. (*Id.* at 4.) Plaintiff seeks injunctive relief barring Defendants from firing Plaintiff or his cell mate from their jobs, from moving them to another unit, and from other retaliatory actions. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)

(quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies the motions for temporary restraining order and preliminary injunction. The Court finds that Plaintiff has not established that he is likely to suffer irreparable harm based on the potential loss of his prison job or move to another unit.

Additionally, the Court grants Plaintiff's motion to file an amended complaint. (ECF No. 19.) As stated in this Court's October 21, 2016, order, the Court will screen Plaintiff's amended complaint. (ECF No. 18 at 1.) If Plaintiff's amended complaint survives screening, the Court will issue a service order and will not send the case to mediation again. (*Id.* at 1-2.)

For the foregoing reasons, it is ordered that the motions for temporary restraining order and preliminary injunction (ECF No. 13, 14) are denied.

It is further ordered that the motion for leave to amend complaint (ECF No. 19) is granted.

It is further ordered that the Court will issue a separate screening order on Plaintiff's amended complaint.

DATED THIS 17th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE